1  PETER D. KEISLER
   Assistant Attorney General
2  Civil Division

3  EUGENE M. THIROLF
   Director, Office of Consumer Litigation
4
   ELIZABETH STEIN (VA Bar No. 15288)
5  Attorney, Office of Consumer Litigation
   950 Pennsylvania Avenue, N.W.
6  Washington, DC 20530
   (202) 307-0066 (telephone)
7  (202) 514-8742 (facsimile)
   Elizabeth.Stein2@usdoj.gov (email)
8  Attorneys for the United States

9              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
10                  San Francisco Division

11 | UNITED STATES OF AMERICA            |
12 |     Plaintiff,                       | No. C-06-3117 (SBA)
13 |     v.                               |
   |                                      | STIPULATED FINAL ORDER
14 | KODAK IMAGING NETWORK, INC.,         | FOR CIVIL PENALTIES,
   | Formerly Ofoto, Inc., a Delaware     | PERMANENT INJUNCTION, AND
15 | corporation,                         | OTHER EQUITABLE RELIEF
   |     Defendant.                       |
16

17
           Plaintiff, the United States of America, acting upon notification and authorization to the
18
   Attorney General by the Federal Trade Commission ("FTC" or the "Commission"), pursuant to
19
   Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), has
20
   filed a complaint pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b) and 16(a) of the FTC Act, 15
21
   U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a), and under Section 7(a) of the Controlling the
22

Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM" or the "CAN-SPAM Act"), 15 U.S.C. § 7706(a), to secure civil penalties, a permanent injunction, and other equitable relief for Defendant's violations of Section 5(a) of CAN-SPAM, 15 U.S.C. § 7704(a). Defendant has waived service of the Summons and Complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law and without Defendant admitting liability for any of the matters alleged in the Complaint.

THEREFORE, on the joint motion of the parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## **FINDINGS**

1.  This Court has jurisdiction over the subject matter pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), 57b, and 7706(a), and 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355.

2.  Plaintiff and Defendant consent to jurisdiction and venue in this District.

3.  The activities of Defendant are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.  The complaint states a claim upon which relief may be granted against Defendant under Section 5(a) of the CAN-SPAM Act, 15 U.S.C. § 7704(a).

5.  The parties hereto stipulate and agree to this Consent Decree, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the allegations in the Complaint. Although Defendant has entered into the stipulated Judgment and Order for Permanent Injunction ("Order") freely and without coercion, the Order does not

constitute an admission by Defendant that the law has been violated as alleged in the Complaint, or that the facts as alleged in the Complaint, other than the jurisdictional facts, are true.

6. Defendant hereby waives all rights to appeal or otherwise challenge or contest the validity of this Order.

7. Defendant agrees that this Order does not entitle Defendant to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Defendant further waives any rights to attorneys' fees that may arise under said provision of law.

8. Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. "Commercial electronic mail ('email') message" means any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including content on an Internet web site operated for a commercial purpose) and that further satisfies the requirements of 16 C.F.R. 316.1 *et seq*.

2. Unless otherwise specified, "Defendant" means Kodak Imaging Network, Inc. ("KIN"), formerly Ofoto, Inc., and its successors, assigns, officers, agents, servants, employees, and those persons in active concert or participation with it, to the extent they engage in any Internet-based, digital photo service that enables consumers to upload, view, edit, arrange, display, store, or share digital photos, or to order prints of and/or specialty products incorporating such photos and who

receive actual notice of this Order by personal service, facsimile, or otherwise, whether acting directly or through any corporation, subsidiary, division or other entity.

3. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or non-identical copy is a separate document within the meaning of the term.

4. "Electronic mail ('email') address" means a destination, commonly expressed as a string of characters, consisting of a unique user name or mailbox (commonly referred to as the "local part") and a reference to an Internet domain (commonly referred to as the "domain part"), whether or not displayed, to which an electronic mail message can be sent or delivered.

5. "Electronic mail ('email') message" means a message sent to a unique electronic mail address.

6. "Initiate," when used with respect to a commercial electronic mail message, means to originate or transmit such message or to procure the origination or transmission of such message, but shall not include actions that constitute routine conveyance of such message. For purposes of this Order, more than one person may be considered to have initiated a message.

7. "Person" means a natural person or a corporation, partnership, proprietorship, limited liability company, or other organization or legal entity, including an

association, cooperative, or agency, or other group or combination acting as an entity.

8. "Procure," when used with respect to the initiation of a commercial electronic mail message, means intentionally to pay or provide other consideration to, or induce, another person to initiate such a message on one's behalf.

9. "Recipient," when used with respect to a commercial electronic mail message, means an authorized user of the electronic mail address to which the message was sent or delivered. If a recipient of a commercial electronic mail message has one or more electronic mail addresses in addition to the address to which the message was sent or delivered, the recipient shall be treated as a separate recipient with respect to each such address. If an electronic mail address is reassigned to a new user, the new user shall not be treated as a recipient of any commercial electronic mail message sent or delivered to that address before it was reassigned.

10. "Sender" when used with respect to a commercial electronic mail message, means a person who initiates such a message and whose product, service, or Internet web site is advertised or promoted by the message.

11. "Valid physical postal address" means a sender's current street address, a Post Office box a sender has registered with the United States Postal Service, or a private mailbox a sender has registered with a commercial mail receiving agency that is established pursuant to United States Postal Service regulations.

**ORDER**

**I. PROHIBITION AGAINST VIOLATING THE CAN-SPAM ACT**

IT IS THEREFORE ORDERED that Defendant is hereby permanently restrained and enjoined from violating the CAN-SPAM Act, 15 U.S.C. §§ 7701 *et seq.*, including, but not limited to, initiating the transmission of a commercial email message:

A. that does not contain a functioning return email address or other Internet-based mechanism, clearly and conspicuously displayed, that (i) a recipient may use to submit, in a manner specified in the message, a reply email message or other form of Internet-based communication requesting not to receive future commercial email messages from that sender at the email address where the message was received; and (ii) remains capable of receiving such messages or communications for no less than 30 days after the transmission of the original message;

B. that does not include clear and conspicuous notice of the opportunity to decline to receive further commercial email from the sender;

C. that does not contain a clear and conspicuous display of an accurate, valid, physical postal address of Defendant; and

D. that is sent to a recipient's email address more than 10 business days after the sender receives a request from that email recipient, or such time frame as is subsequently prescribed by the CAN-SPAM Act, sent in the manner specified in accordance with the above Paragraph I.A., not to receive future commercial electronic mail messages from the sender at the recipient's electronic mail address.

## II.  CIVIL PENALTIES

IT IS FURTHER ORDERED that Defendant, and its successors and assigns, shall pay to Plaintiff a civil penalty, pursuant to section 5(m)(1)(A) of the Federal Trade Commission Act, 15 U.S.C. § 45(m)(1)(A), in the amount of $26,331 as follows:

    A.    Defendant shall make the payment required by this Part within ten (10) business days of the date of entry of this Order by electronic fund transfer in accordance with the instructions provided by the Office of Consumer Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. 20530, for appropriate disposition;

    B.    In the event of any default in payment, which default continues for ten (10) business days beyond the due date of payment, the entire unpaid penalty, together with interest, as computed pursuant to 28 U.S.C. § 1961, from the date of default to the date of payment, shall immediately become due and payable.

    C.    Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true for the purpose of a nondischargeability complaint in any bankruptcy proceeding.

## III.  COMPLIANCE REPORTING BY DEFENDANT

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

    A.    For a period of five (5) years from the date of entry of this Order, Defendant shall notify the Commission of any changes in corporate structure that may affect compliance obligations arising under this Order, including but not limited to a

dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least seven (7) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which Defendant learns less than seven (7) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order, Defendant shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which it has complied and is complying with this Order. This report shall include, but not be limited to:

1. A copy of each acknowledgment of receipt of this Order, obtained pursuant to Section V of this Order;

2. Any changes required to be reported pursuant to subsection A of this Section;

3. A list that identifies every person engaged by Defendant to market or promote, through commercial email messages, any goods or services of Defendant since entry of this Order or to manage the marketing and promotion of Defendant's products or services through commercial email messages;

4. A list of all names under which Defendant did or currently does business since entry of this Order; and

        5.      A list of all domain names and web page addresses Defendant has registered or used since entry of the Order.

C.     For the purposes of this Order, Defendant shall, unless otherwise directed in writing by the Commission's authorized representatives, mail all written notifications to the Commission to:

> Associate Director for Marketing Practices
> Federal Trade Commission
> 600 Pennsylvania Ave., N.W., Room 288
> Washington, DC  20580
> Re:    United States v. Kodak Imaging Network, Inc.
>         Civ. No. _____.

D.     For the purposes of this Order, Defendant shall, unless otherwise directed in writing by a representative of Plaintiff, identify all written notifications required to be sent to Plaintiff as in reference to DJ# 102-3342, and mail them to:

> Director, Office of Consumer Litigation
> U.S. Department of Justice - Civil Division
> P.O. Box 386
> Washington, DC  20044.

E.     For purposes of the compliance reporting and monitoring required by this Order, representatives of Plaintiff and the Commission are authorized to communicate directly with Defendant's officers.

## IV.  RECORD KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendant is hereby restrained and enjoined from failing to create and retain the following records in connection with the marketing, advertising, promotion, offering for sale, or sale of Defendant's goods or services, and from failing to make such records (or reports

concerning such records) available for inspection and copying within ten (10) days of receipt of a written request from a representative of Plaintiff or Commission:

  A. Standard accounting records generated in the ordinary course of business including, but not limited to, balance sheets, income statements, and annual reports;

  B. Records accurately reflecting during their employment: the name, physical address, and telephone number of each person employed by Defendant, including as an independent contractor with responsibilities relating to compliance with this Order; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

  C. Records that reflect, for every written or oral consumer complaint or request received by Defendant relating to the activities of promoting Defendant's goods and services via commercial email messages, whether directly or indirectly or through any third party, (1) the name, address, and telephone number, if any, provided by the relevant consumer; (2) the written complaint or request, if any; (3) Defendant's response to or resolution of the complaint or request, if any, and the date of such response or resolution;

  D. All other records and documents reasonably necessary to demonstrate full compliance with each provision of this Order, including but not limited to, all documents obtained, created, generated or which in any way relate to the requirements, provisions or terms of this Order, copies of signed and dated

acknowledgments of receipt of this Order, and all reports submitted to the FTC pursuant to this Order.

**V. DISTRIBUTION OF ORDER BY DEFENDANT**

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of this Order as directed below.

A. Defendant must deliver a copy of this Order to all its officers, directors, and managers. Defendant must also deliver a copy or summary (to be agreed upon by counsel for Defendant and Commission) of this Order to all its employees, agents, independent contractors, and persons who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B. Defendant must secure a signed and dated written or electronic statement (which signature may be obtained electronically provided that the signature would comply with the signature requirements of the Electronic Signatures in Global and National Commerce Act, ("E-Sign Act"), 15 U.S.C. § 7001 et seq.), acknowledging receipt of this Order, within thirty (30) days of delivery, from all persons receiving a copy or summary of this Order pursuant to this Section.

**VI. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT**

IT IS FURTHER ORDERED that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

### VII.  FEES AND COSTS

IT IS FURTHER ORDERED that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

### VIII.  SEVERABILITY

IT IS FURTHER ORDERED that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

### IX.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that a Magistrate Judge of this Court shall retain jurisdiction for all purposes authorized by law, including construction, modification, and enforcement of this Order, and contempt proceedings to the extent authorized by 28 U.S.C. § 636.

JUDGMENT IS THEREFORE ENTERED in favor of Plaintiff and against Defendant, pursuant to all the terms and conditions recited above.

Dated this 19th day of July, 2006.

_Saundra B Armstrong_
United States District Judge

1  The parties, by their respective counsel, hereby consent to the terms and conditions of
2  this Stipulated Order as set forth above and consent to the entry thereof.

**FOR THE PLAINTIFF**

FOR THE UNITED STATES OF AMERICA

PETER D. KEISLER
Assistant Attorney General
Civil Division
U.S. DEPARTMENT OF JUSTICE


EUGENE THIROLF
Director
Office of Consumer Litigation


          /S/
ELIZABETH STEIN, Trial Attorney
Office of Consumer Litigation
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
PHONE:  202-307-0066
FAX:       202-514-8742

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

For the Federal Trade Commission

OF COUNSEL:

      /S/
LOIS C. GREISMAN
Associate Director for
Marketing Practices

      /S/
PETER LAMBERTON
Staff Attorney
Federal Trade Commission
Washington, D.C. 20580
PHONE: (202) 326-3274
FAX:    (202) 326-3395

For the Defendant
Kodak Imaging Network, Inc.

      /S/
LEE KIRKPATRICK
Kodak Imaging Network
1480 64th St., Suite 300
Emeryville, CA 94608

      /S/
J. BECKWITH BURR
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M Street, N.W.
Washington, DC  20037
PHONE: (202) 663-6695
FAX:    (202) 663-6363